KENNETH D. SMITH, as Substitute Committee of the Person and Property of KATHERINE LOUISE ZENTGRAF, an Incompetent Person, Plaintiff, v. CHARLES I. McLAUGHLIN and Others, Defendants.

Supreme Court, Special Term, Richmond County, October 15, 1936.

*Albert W. Meisel*, for the plaintiff.

*J. Franklin Tausch* [*Arthur Schneider* of counsel], for the defendants.

RIEGELMANN, J. Heretofore one Ernest W. Zentgraf was appointed the committee of an incompetent person. On October 17, 1907, the defendants became sureties of a bond filed by the committee in the sum of $2,000. It is alleged that between 1923 and 1934 the committee failed to properly execute the duties required of him; that on June 27, 1934, he was removed as committee; that thereafter a judgment, predicated upon his misfeasance, was obtained against the committee and that execution has been returned unsatisfied. In consequence of the foregoing, the present action against the instant sureties has been instituted. The answer has set forth several defenses which have been challenged for legal insufficiency upon the present motion. The second defense is predicated upon the theory that when the bond was executed on October 17, 1907, the incompetent's property in the hands of the committee amounted to the sum of only $2,000; that such sum was properly expended in the maintenance of the incompetent, and that when the said specific fund was exhausted, even though further moneys on behalf of the incompetent had in the meantime come into the hands of the committee, the liability of the sureties on the bond terminated. I cannot accept the contention as sound. Obviously the question of what property or funds are intended to be covered by the undertaking of a surety depends upon the terms of the bond, and in the absence of limitations or restrictions therein contained, the liability of the surety, to the amount of the bond, is coextensive with that of the principal. An examination of the bond here in question indicates that the sureties were under a continuing liability for the faithful discharge by the committee generally

of all duties on behalf of the incompetent. The second defense is, therefore, insufficient and is stricken out.

The third defense alleges that on November 25, 1915, and on June 29, 1917, the committee was required to file additional surety bonds, necessitated by his receipt of further assets on behalf of the incompetent. It is the defendant surety's contention that since he received no notice of the filing of the additional bonds, upon the enhancement of the incompetent's estate, such fact constituted an increase of defendant's responsibility which operated to release him from further liability. I fail to understand how the defendant was in anywise prejudiced by the fact that the commitee was required, under the circumstances of the case, to file greater security and that the defendant had no notice thereof. Obviously, such fact in no respect altered or extended the responsibility of the defendant surety upon his own undertaking. In the absence of an adjudication pursuant to section 158 of the Civil Practice Act, the giving of new security did not effectuate a termination of defendant's liability. The third defense is stricken out.

The fourth defense is also insufficient. It is therein alleged that the judgment obtained against the committee was entered upon default. It is contended that since such a judgment may be opened and set aside, the surety is not bound thereby. Defendant, however, apparently misconceives the nature of the present action. It is predicated, not upon the judgment itself, but upon the defendant's bond. The defense is stricken out.

The fifth defense proceeds upon the theory that the above-mentioned judgment constituted a material alteration of the defendant surety's undertaking. As pointed out before, however, the limit of defendant's liability was fixed by the sum specified in the bond. Obviously, in nowise was his obligation increased by the fact that a judgment was obtained against the committee. The defense is insufficient and is, therefore, stricken out.

The sixth defense is to the effect that no notice was given to the defendant of the committee's failure to file his annual account and inventory. I know of no rule of law, however, that makes such notice a condition precedent to an action of the present character. That defense is also insufficient and is stricken out.

In the seventh defense defendant claims that the action is barred by the Statute of Limitations. Such allegation raises an issue of fact and the motion is denied with respect thereto.

Defendant alleges in the eighth defense that no notice was given to him of the appointment of plaintiff as substitute committee or of the latter's application to commence the present action. The defense is insufficient, however, since a reading of paragraphs 7

,and 12 of the complaint indicates that plaintiff has complied with rule 95 of the Rules of Civil Practice in alleging that he was " duly " appointed and " duly " authorized to commence the present action. The defense is stricken out.

The motion is disposed of as indicated above.